IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD JEROME STEWART,** | : | |
| | : | |
| **Plaintiff** | : | CIVIL NO. 1:CV-08-02157 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **DR. COLLINS,** | : | |
| | : | |
| **Defendant** | : | |

## M E M O R A N D U M  &  O R D E R

Plaintiff Richard Jerome Stewart, an inmate confined at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"), in Frackville, Pennsylvania, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on December 1, 2008. Plaintiff has requested leave to proceed *in forma pauperis*, and thus the case is before the court for screening pursuant to 28 U.S.C. § 1915.

For the reasons set forth below, the court concludes that the complaint fails to comply with the Federal Rules of Civil Procedure. The complaint will be dismissed without prejudice, and Plaintiff will be afforded the opportunity to submit an amended complaint that complies with the Federal Rules. Failure to do so will result in the closure of this case.

The court is required to review the complaint of a plaintiff seeking to proceed *in forma pauperis* prior to service of process. 28 U.S.C. § 1915(e). In particular, a

*pro se* party's complaint should be construed liberally. *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004). A *pro se* party, however, is not free to ignore the Federal Rules of Civil Procedure. Although there is no heightened pleading standard in § 1983 cases,[1] a § 1983 complaint must bear some relation to the rules.

Here, Plaintiff's complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure, which states, in pertinent part:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
> * * *
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). In his form complaint, Plaintiff names a "Dr. Collins" as Defendant. (Doc. 1.) He provides no information, literally, leaves blank, the statement of claim section and asserts as relief only, "I want the court to help me with my case." (*Id*.) Not only does Plaintiff fail to set forth any allegations against Dr. Collins, but he also fails to specify the nature or substance of any allegation against Dr. Collins. Overall, the complaint, as written, fails to include a short and plain

---

[1] *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168–69 (1993). The United States Supreme Court rejected a heightened pleading standard, noting that a § 1983 complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id*. at 168. *See also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").

statement of the claim against Dr. Collins.  As a result, the complaint is subject to *sua sponte* dismissal by the court.  In the interests of justice to this *pro se* litigant, however, Plaintiff will be granted thirty (30) days within which to submit an amended complaint.

In preparing his amended complaint, Plaintiff is advised that, among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2).  *Id.*; *see also Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

To meet the standards set forth in Rule 8, the complaint must at least contain a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed the plaintiff.  "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Purveegiin v.*

3

*Pike County Corr. Facility*, No. 3:CV-06-0300, 2006 WL 1620219 (M.D. Pa. June 6, 2006).

In addition, Plaintiff is advised that the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  Additionally, it must specify the existence of actions by defendants which have resulted in constitutional deprivations.  *See, e.g.*, *Rizzo v. Goode*, 423 U.S. 362, 370–73 (1976).

Finally, Plaintiff is advised that if he fails, within the applicable time period, to file an amended complaint adhering to the standards set forth above, this case will be closed.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1) Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

2) Plaintiff's complaint (Doc. 1) is **DISMISSED** for failure to comply with the Federal Rules of Civil Procedure.

3) Within thirty (30) days from the date of this order, Plaintiff may file an amended complaint in accordance with the Federal Rules of Civil Procedure.

4) Failure to submit an amended complaint in accordance with the foregoing memorandum will result in the closure of this case.

                                                      s/Sylvia H. Rambo
                                                  SYLVIA H. RAMBO
                                                  United States District Judge

Dated:  December 23, 2008.